UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD STEVEN GREEN,<br><br>Petitioner,<br><br>v.<br><br>PATRICK LOVELLO, Warden,<br><br>Respondent. | Case No.  2:23-cv-07599-FMO-KES<br><br>ORDER TO SHOW CAUSE WHY<br>§ 2254 PETITION SHOULD NOT BE<br>DISMISSED |

## I.

## INTRODUCTION

On September 11, 2023, the Court received from Bernard Steven Green ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, asserting two grounds for relief.  (Dkt. 1 [the "Petition"].)  Ground One alleges that the Los Angeles County Superior Court ("LASC") violated Petitioner's due process rights by denying his resentencing petition under California Penal Code section 1170.95[1] without appointing counsel, obtaining briefing, conducting a hearing, or adequately explaining its denial.  (Id.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6.  The Court continues to refer to this statute as section 1170.95 to be consistent with the Petition.

at 5.[2])  Ground Two challenges Petitioner's 2006 murder conviction alleging he received ineffective assistance of counsel ("IAC") because counsel advised him not to testify and failed to file a severance motion.  (Id. at 7.)

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires district courts to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Under this authority, the Court has screened the Petition and issues this Order to Show Cause ("OSC") why the Petition should not be summarily dismissed because (1) Ground One is not a cognizable federal claim; and (2) Ground Two is successive and/or unexhausted.

## II.

## PROCEDURAL HISTORY

### A. Conviction and Direct Appeal.

In 2006, a jury convicted Petitioner of first degree murder and found true firearm and gang enhancements.  The trial court sentenced him to 50 years to life in prison. (Dkt. 1 at 1.)

Petitioner appealed.  See People v. McGee, et al., Case no. B194529 (Jan. 30, 2008)[3].  The appellate court later summarized the underlying facts, as follows:

[T]he victim, Ronald Belvin, was riding in a car with [Petitioner] and his codefendant Kenneth McGee and said that he had not heard of the gang to which [Petitioner] and McGee belonged.  [Petitioner] and McGee perceived this as an insult, and when they got out of the car, [Petitioner] challenged Belvin to a fight.  Belvin tried to flee but McGee and [Petitioner] caught him, and punched and kicked him. [Petitioner] then shot Belvin on the ground from a distance of about

---

[2] Page Citations refer to the pagination imposed by the Court's electronic filing system.
[3] https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1893224&doc_no=S161546&request_token=NiIwLSEmLkg%2FWzBVSCM9SE9JUDg0UDxfJSJOUz5SUCAgCg%3D%3D.

2

three feet.  Belvin managed to get up and started to climb over a
nearby gate, but McGee took the gun from [Petitioner] and shot
Belvin three more times.  A firearms expert and the doctor who
performed the autopsy testified to facts establishing that the fatal
bullet entered at a trajectory suggesting that Belvin was shot as he
was climbing the gate.

People v. Green, No. B312894, 2022 WL 3009588, 2022 Cal. App. Unpub. LEXIS
4715 at *2 (July 29, 2022).

The appellate court affirmed Petitioner's conviction.  Id. at *1.  The
California Supreme Court denied review.  People v. Green, Case o. S161546 (May
14, 2008)[4].

**B. First Federal Habeas Petition.**

In 2009, Petitioner filed Green v. McDonald, C.D. Cal. case no. 2:09-cv-
01575-PSG-PLA ("Green I") challenging his murder conviction.  His First
Amended Petition raised due process claims based on alleged instructional error,
inflammatory gang expert testimony, and prosecutorial misconduct.  (Green I, Dkt.
6.)  On October 26, 2009, the district court entered a judgment on the merits
denying the First Amended Petition with prejudice.  (Id., Dkt. 23.)

**C. State Resentencing Petition.**

In January 2019, California Senate Bill 1437
was enacted to amend the felony murder rule and the natural and
probable consequences doctrine, as it relates to murder, to ensure that
murder liability is not imposed on a person who is not the actual
killer, did not act with the intent to kill, or was not a major participant
in the underlying felony who acted with reckless indifference to

---

[4]
https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1893224&doc_no=S161546&request_token=NiIwLSEmLkg%2FWzBVSCM9SEJIMEA0UDxfJSJOUz5SUCAgCg%3D%3D.

1    human life.

2    People v. Martinez, 31 Cal. App. 5th 719, 723 (2019) (citations omitted).  The bill

3    enacted Penal Code section 1170.95(a) to allow those so convicted to "file a

4    petition with the court that sentenced the petitioner to have the petitioner's murder

5    conviction vacated and to be resentenced on any remaining counts."  Id.

6         On February 14, 2020, Petitioner petitioned for resentencing under section

7    1170.95.  The LASC summarily denied the petition on March 9, 2020 without

8    appointing counsel or seeking briefing from the parties.  The LASC stated that

9    Petitioner was ineligible for resentencing because he "was not convicted under the

10   theory of felony murder or the natural and probable consequences doctrine."  See

11   Green, No. B312894, 2022 WL 3009588, 2022 Cal. App. Unpub. LEXIS 4715 at

12   *3 (July 29, 2022) (summarizing LASC proceedings).

13        Petitioner filed a second petition for resentencing on April 12, 2021.  The

14   LASC stated that it would deny the new petition unless Petitioner could show a

15   material difference from his original petition.  Petitioner filed a letter claiming that

16   his failure to appeal from the original denial justified filing the new petition, but

17   the LASC found this explanation insufficient and, on June 14, 2021, denied the

18   new petition.  Id.

19        Petitioner appealed from the LASC's denial of his second resentencing

20   petition.  The Court of Appeal deemed the appeal a timely appeal of the denial of

21   his first resentencing petition because Petitioner did not have counsel.  Id. at *3-4.

22        The Court of Appeal began its analysis by explaining the multistep process

23   that California trial courts must follow when considering a resentencing petition, as

24   follows:

25        When a defendant files a facially sufficient petition for resentencing

26        under section [1170.95], the trial court must appoint counsel to

27        represent the petitioner, obtain briefing from both sides, and hold a

28        hearing to determine whether the petitioner has made a prima facie

4

1 showing for relief. … If so, the court must issue an order to show

2 cause. … [T]he court may deny a petition for failure to make a

3 prima facie case only if the record of conviction shows as a matter of

4 law that the defendant is ineligible. In making this determination, the

5 court may consider the record of conviction and may draw adverse

6 conclusions if the record, including the court's own documents,

7 contains facts refuting the allegations made in the petition. … If the

8 trial court issues an order to show cause, the final step in the process

9 is an eligibility hearing where the trial court must vacate the

10 defendant's sentence and resentence him unless the prosecution can

11 prove, beyond a reasonable doubt, that the petitioner is guilty of

12 murder or attempted murder under current law.

13 Id. at *4-6 (citations omitted).

14  Next, the Court of Appeal discussed the recent holding in People v. Lewis,

15 11 Cal. 5th 952, 962 (2021). In that case, the California Supreme Court found that

16 a petitioner seeking resentencing under Section 1170.95 is statutorily entitled to

17 counsel, regardless of whether he has made a prima facie showing of entitlement to

18 relief. Id. at 963. This right, however, exists solely under "state statutory law" and

19 not as a state or federal constitutional right to counsel or due process. Id. at 972-

20 73.

21  Applying Lewis, the Court of Appeal found that the LASC erred by not

22 appointing counsel for Petitioner, but the error was harmless. Green, No.

23 B312894, 2022 WL 3009588, 2022 Cal. App. Unpub. LEXIS 4715 at *10. The

24 Court of Appeal reasoned that the jury could not have convicted Petitioner based

25 on the natural and probable consequences doctrine, as follows:

26 The instructions at [Petitioner's] trial included no language allowing

27 [Petitioner] to be convicted of first degree murder based on someone

28 else's mental state. Instead, the court told the jury that "[t]he

1  defendant is guilty of first degree murder if the People have proved

2  that *he* acted willfully, deliberately, and with premeditation. *The*

3  *defendant acted willfully if he intended to kill*." (Italics added.)

4  There was no alternative theory of first degree murder. The

5  instruction stated that "[t]he defendant has been prosecuted for first

6  degree murder under one theory: … the murder was willful,

7  deliberate, and premeditated." It continued, "[a]ll other murders are

8  of the second degree."

9  Id. at *9. The Court of Appeal affirmed the LASC's denial of Petitioner's

10  resentencing petition. Id. at *10.

11  In October 2022, the California Supreme Court denied review. Green, No.

12  S276290, 2022 Cal. LEXIS 6187 at *1 (Oct. 12, 2022).

**III.**

**DISCUSSION**

**A. Ground One Does Not Present a Cognizable Federal Habeas Claim.**

16  In Ground One, Petitioner challenges the process he received in connection

17  with his resentencing petition under California Penal Code section 1170.95. (Dkt.

18  1 at 3.) As explained below, this claim is not cognizable on federal habeas review.

**1. State Law Claims Cannot Support Federal Habeas Relief.**

20  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

21  limits federal habeas corpus relief to claims that "a petitioner has been convicted or

22  sentenced in violation of the Constitution, laws, or treaties of the United States. 28

23  U.S.C. § 2254(a). This means that relief is not available for errors in the

24  interpretation or application of state law. See Swarthout v. Cooke, 562 U.S. 216,

25  219 (2011); Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("It is not the

26  province of a federal habeas court to reexamine state-court determinations on state

27  law questions.").

28  Federal courts have routinely held that challenges to denials of section

1170.95 resentencing petitions "pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable" on federal habeas review.  Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020); Clemons v. Johnson, No. 2:22-cv-05719-MWF-AFM, 2023 WL 5184181 at *2 (C.D. Cal. June 16, 2023) (same), accepted by 2023 U.S. Dist. LEXIS 140469, 2023 WL 5180324 (C.D. Cal. Aug. 10, 2023); Carter v. Montgomery, No. 5:20-cv-01303-SB-PVC, 2021 U.S. Dist. LEXIS 97039, 2021 WL 2044499 at *11 (C.D. Cal. Apr. 12, 2021) (same), accepted by 2021 U.S. Dist. LEXIS 96336, 2021 WL 2042723 (C.D. Cal. May 13, 2021); Allen v. Montgomery, No. 2:19-cv-01530-VBF-PLA, 2020 U.S. Dist. LEXIS 76228, 2020 WL 1991426 at *13 (C.D. Cal. Jan. 7, 2020) (same), accepted by 2020 U.S. Dist. LEXIS 200845, 2020 WL 6321762 (C.D. Cal. Oct. 26, 2020), cert. of appealability denied, 2022 U.S. App. LEXIS 11637 (9th Cir. Apr. 28, 2022).  To the extent Petitioner challenges the denial of his section 1170.95 resentencing petition, Ground One likewise presents only a state law claim that is not cognizable on federal habeas review.

That Petitioner has invoked his federal constitutional right to due process does not transform his state law claims into cognizable federal claims.  (Dkt. 1 at 32.)  A federal habeas petitioner may not transform a state law issue into a federal one merely by making a general appeal to a constitutional guarantee, such as the right to due process.  See Gray v. Netherland, 518 U.S. 152, 163 (1996); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Miller v. Stagner, 757 F.2d 988, 993-94 (9th Cir. 1985); Walker v. Cal. Sup. Ct., No. 2:22-cv-04638-CAS-E, 2022 U.S. Dist. LEXIS 191025, 2022 WL 11337927 at *2 (C.D. Cal. Sept. 13, 2022) ( "Petitioner's conclusory characterization of the state courts' alleged errors as violations of due process" did not transform his state-law claim about section 1170.95 resentencing into a cognizable federal one), accepted by 2022 U.S. Dist. LEXIS 191142, 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022).

## 2.  Only Clearly Established Federal Law Can Support Federal Habeas Relief.

To obtain relief under AEDPA, the petitioner must show that the state court's ruling on claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  When applying § 2254(d)(1), the relevant "clearly established Federal law" consists of only United States Supreme Court holdings (not dicta), applied in the same context to which the Petitioner seeks to apply it, existing at the time of the relevant state court decision.  Premo v. Moore, 562 U.S. 115, 127 (2011).  A state court acts "contrary to" clearly established Federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).  Habeas relief may not issue unless "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."  Harrington v. Richter, 562 U.S. 86, 103 (2011).

If a petitioner contends that the trial court did something that violated his right to due process, but there is no United States Supreme Court holding that the trial court's actions fall within the Due Process Clause's guarantees, then the petitioner cannot obtain federal habeas relief.  See, e.g., Blair v. Martel, 645 F.3d 1151, 1158 (9th Cir. 2011) ("Because no Supreme Court decision clearly establishes the right that Petitioner claims California violated, AEDPA requires that we deny the remainder of his habeas petition."); Hayes v. Ayers, 632 F.3d 500, 523 (9th Cir. 2011) (denying inmate's claim that excessive delay denied him due process because "no clearly established Federal law, as determined by the Supreme Court of the United States recognizes a due process right to a speedy appeal");

Luckett v. Matteson, No. 4:18-cv-07670, 2020 WL 6868834, 2020 U.S. Dist. LEXIS 219454 at *38 (N.D. Cal. Nov. 23, 2020) ("Petitioner's contention that the admission of the DNA evidence from the cigarette butt violated his due process rights does not entitle him to habeas relief because there are no controlling Supreme Court decisions holding that the admission of evidence based on an inadequate chain of custody violates due process.").

Here, there is no United States Supreme Court holding establishing that federal due process requires that prisoners who seek resentencing under California Penal Code section 1170.95 but who do not present a prima facie case for relief are nevertheless entitled to appointed counsel, additional briefing, a hearing, or a well-explained denial. See Clemons, 2023 U.S. Dist. LEXIS 142754 at *6 (denying habeas claim that trial court violated due process rights by denying section 1170.95 resentencing petition without appointing counsel because no U.S. Supreme Court precedent established such a right).

**B. Ground Two Appears Impermissibly Successive.**

**1. Applicable Law.**

A prisoner may not file more than one federal habeas petition challenging the same state-court judgment without first obtaining authorization from the Ninth Circuit. See 28 U.S.C. § 2244(b). Not all "[h]abeas petitions that are filed second-in-time are … second or successive." Clayton v. Biter, 868 F.3d 840, 843 (9th Cir. 2017). For example, a petition is not successive if it is based on a "new judgment" intervening between the denial of an initial federal habeas petition on the merits and the filing of a subsequent one. Magwood v. Patterson, 561 U.S. 320, 331-33 (2010); Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018) (claim in second petition is not successive "if it is based on an intervening state court judgment … notwithstanding that the same *claim* … could have been brought in the first petition") (emphasis in original).

A state-court judgment may be "intervening" even if it leaves "in place an

earlier challenged conviction and sentence." <u>Clayton</u>, 868 F.3d at 843-44 (citation omitted).  In <u>Clayton</u>, for example, the petitioner directly challenged the denial of a resentencing petition filed under a different state law provision than the one at issue here.  <u>See</u> <u>id.</u> at 842-43.  The Ninth Circuit held that the resentencing petition's denial "result[ed] in the entry of a new appealable order or judgment" and therefore his claim challenging that denial was not successive.  <u>Id.</u> at 844; <u>see</u> <u>Young v. Cueva</u>, No. 2:20-cv-08304-CJC-E, 2020 U.S. Dist. LEXIS 249668, 2020 WL 8455474 at *2 (C.D. Cal. Oct. 27, 2020) (finding that the "denial of a petition for resentencing under … section 1170.95" constituted a "new judgment" and that petitioner's challenge of that denial – but not his underlying conviction – was not successive).

The general prohibition on second or successive petitions, however, bars consideration of a second-in-time petition challenging the same judgment that was challenged in a prior federal petition when the second-in-time petition is based on events that occurred before the first petition was denied.  <u>See</u> <u>Bruton v. Stewart</u>, 549 U.S. 147, 153 (2007) (district court properly dismissed petitioner's second habeas petition for lack of jurisdiction when he "twice brought claims contesting the same custody imposed by the same judgment of a state court" without first obtaining authorization from circuit court).  By contrast, a second-in-time petition challenging the same judgment as an earlier petition "is not second or successive if it raises a claim 'brought in an application filed when the claim is first ripe.'" <u>Brown v. Atchley</u>, 76 F.4th 862, 867 (9th Cir. 2023) (quoting <u>Panetti v. Quarterman</u>, 551 U.S. 930, 947 (2007)).  "A claim does not become ripe until the facts that give rise to the constitutional claim first arise." <u>Id.</u> at *4.  Thus, in <u>Brown</u>, the petitioner's equal protection and IAC claims that arose directly from the denial of his section 1170.95 resentencing petition did not become ripe until his application for resentencing was denied.  <u>Id.</u> at *8.  Because the petitioner could not have raised those claims before his first federal habeas petition was denied, his

second federal habeas petition alleging them was "not second or successive under 28 U.S.C. § 2244(b)." Id. at 9.

### 2. Analysis.

Petitioner's IAC claim is impermissibly successive. Petitioner faults his trial counsel for discouraging him from testified at his 2006 murder trial. Petitioner says, "I wanted to testify on my behalf, but was told by my counsel it was not in my best interest to do so." (Dkt. 1 at 7.) At the time, Petitioner believed his attorney and did not testify. (Id.) Petitioner now contends that his attorney's advice was so bad it constituted ineffective assistance. (Id.)

Petitioner does not contends that the denial of his section 1170.95 petition constitutes an intervening judgment. And even if he did, federal courts in this circuit have routinely found that the denial of a section 1170.95 petition does not constitute an intervening judgment that allows a prisoner to file a second federal habeas petition challenging his original conviction after the first was denied with prejudice. See, e.g., Cole, 480 F. Supp. 3d at 1096 (denial of section 1170.95 petition did not "open[] the door" for petitioner to file second federal habeas petition raising challenges to his original conviction and sentence because denial "did not disturb petitioner's original judgment"); Sanchez v. Bird, No. 2:23-cv-01702-MCS-JDE, 2023 U.S. Dist. LEXIS 45649, 2023 WL 2563223 at *3 (C.D. Cal. Mar. 17, 2023) (petition filed after denial of section 1170.95 petition alleging claims challenging 2004 conviction was impermissibly successive of prior petition because "the state court denied the resentencing petition in its entirety and did not disturb [p]etitioner's original judgment"); King v. Cueva, No. 2:20-cv-01766-RGK-JPR, 2020 U.S. Dist. LEXIS 24955, 2020 WL 8410448 at *5 (C.D. Cal. Dec. 7, 2020) (same where second-intime petition challenged original three-strikes sentence), accepted by 2021 U.S. Dist. LEXIS 30506, 2021 WL 640025 (C.D. Cal. Feb. 16, 2021).

1    **C. Ground Two May Be Unexhausted.**

2        **1. Applicable Law.**

3        All claims in a federal habeas petition must be "exhausted" before a federal

4    court may grant the petition.  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S.

5    509, 522 (1982).  To exhaust a claim, the petitioner must "fairly present" the claim

6    to the state courts, to give the State the opportunity to pass upon and correct

7    alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S.

8    364, 365 (1995).  To be properly exhausted, the claim must be "fairly presented" to

9    the highest court in a state court system, even if that court's review is

10   discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v.

11   Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  For a petitioner in California state

12   custody, this generally means that the petitioner must have presented his claims to

13   the California Supreme Court.  Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir.

14   1999).

15       For a claim to have been "fairly presented" to the state courts, the claim

16   "must include a reference to a specific federal constitutional guarantee, as well as a

17   statement of the facts that entitle the petitioner to relief."  Gray v. Netherland, 518

18   U.S. 152, 162-63 (1996).  The claim should alert the state court to the alleged

19   federal basis for the claim "by citing in conjunction with the claim the federal

20   source of law on which he relies or a case deciding such a claim on federal

21   grounds, or by simply labeling the claim 'federal.'"  Baldwin v. Reese, 541 U.S.

22   27, 32 (2004).  "[O]rdinarily a state prisoner does not 'fairly present' a claim to a

23   state court if that court must read beyond a petition or a brief (or a similar

24   document) that does not alert it to the present of a federal claim in order to find

25   material, such as a lower court opinion in the case, that does so."  Id.

26       A petitioner has the burden of demonstrating that he has exhausted available

27   state remedies.  See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

28

1      **2.  Analysis.**

2      Petitioner admits that he did not raise Ground Two on direct appeal or in a

3  state habeas petition.  (Dkt. 1 at 7.)  It is unclear if Petitioner ever raised Ground

4  Two to any state court, let alone to the California Supreme Court, as he must do to

5  exhaust it.  If Petitioner believes he has not exhausted Ground Two, he need not

6  wait for a decision from this Court to file an exhaustion petition in the state courts.

7      **D. <u>Petitioner May Choose to Move for a Stay.</u>**

8      If Petitioner disputes that Ground Two is successive, he may ask for a stay

9  until the Ninth Circuit addresses a similar issue in an unrelated case.  The Ninth

10  Circuit recently granted a certificate of appealability to consider "whether the

11  district court properly dismissed appellant's 28 U.S.C. § 2254 petition [alleging

12  instructional-error claim based on <u>People v. Chiu</u>, 59 Cal. 4th 155 (2014), and

13  California Senate Bill 1437] as successive, including "whether the denial of

14  appellant's petition for resentencing under California Penal Code section 1170.95

15  constituted a new intervening judgment."  <u>See</u> <u>Price v. Santoro</u>, No. 23-55324,

16  Dkt. 2 (Order, Aug. 8, 2023) (C.D. Cal. case no. 2:21-cv-09446-RGK-JPR).  A

17  stay may be warranted if the Ninth Circuit's decision in <u>Price</u> could favorably

18  impact Petitioner's IAC claim.

19      If Petitioner agrees that Ground Two is unexhausted, he may ask for a stay

20  in order to exhaust Ground Two in the state courts.  Under AEDPA, all federal

21  habeas petitions are subject to a one-year statute of limitations that generally runs

22  from the date when the challenged judgment or order became final.  28 U.S.C.

23  § 2244(d).  Claims not exhausted and presented to the federal court within this one-

24  year period are generally forfeited.  <u>Id.</u>  Under <u>Rhines v. Weber</u>, 544 U.S. 269

25  (2005), a district court has discretion to stay a federal habeas petition to allow a

26  petitioner to exhaust his claims in state court without running afoul of AEDPA's

27  one-year statute of limitations period.  <u>Id.</u> at 273-75.  A district court may stay a

28  petition if: (1) the petitioner has good cause for his failure to exhaust his claims;

1   (2) the unexhausted claims are potentially meritorious; and (3) there is no

2   indication that the petitioner intentionally engaged in dilatory tactics.  Id. at 278.

3       Without additional evidence, it appears Petitioner will be unable to show

4   that he satisfies the requirements for a Rhines stay.  To satisfy the first factor, he

5   would need to explain why he did not exhaust his IAC claim earlier and bring it as

6   part of Green I.  To satisfy the second factor, he would need to explain what he

7   would have said if he had testified and how that testimony might have helped his

8   defense.  He would also need to explain why his attorney advised him not to testify

9   or present a declaration from the attorney.  Often, counsel reasonably advise

10  criminal defendants not to testify based on a tactical decision that the testimony

11  would be more harmful than helpful.  See, e.g., Dows v. Wood, 211 F.3d 480, 487

12  (9th Cir. 2000) (finding counsel had "good reason" for advising Dows not to

13  testify, because "Dows had three prior convictions for robbery and assault, which,

14  in all likelihood, would have been admitted to impeach Dows … if he had

15  testified").  Counsel's tactical decisions "are given great deference" on federal

16  habeas review, making this kind of IAC claim difficult to bring successfully.  Id.

17      Regarding the allegation that counsel provided IAC by failing to move to

18  sever Petitioner's trial from that of co-defendant McGee, Petitioner would need to

19  provide more facts showing deficient performance and resulting prejudice.  See

20  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  Why does Petitioner

21  think there is a reasonable probability that the verdict would have been different if

22  he and McGee had been tried separately?  See Trevino v. Evans, 521 F. Supp. 2d

23  1104, 1112 (S.D. Cal. 2007) (denying IAC claim because "Even if petitioner

24  received a separate trial, the jury would have heard the same evidence relied on to

25  convict petitioner in the joint trial").

26

27

28

# IV.

## CONCLUSION

IT IS HEREBY ORDERED that, on or before November 8, 2023, Petitioner is ordered to show cause why the Petition should not be summarily dismissed.  In response to this OSC, Petitioner should file a brief:

(1) explaining why Ground One states a cognizable federal claim; and

(2) explaining why Ground Two is neither successive nor unexhausted OR asking the Court to stay proceedings on Ground Two under Rhines and/or Price.

DATED: October 10, 2023

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE